IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. DONNA CHUNESTUDEY<br>             Plaintiff,<br><br>    v.<br><br>1. LORA NELDON,<br>2. DANNY NELDON,<br>3. DANNY L. NELDON REVOCABLE TRUST<br>4. HATLEY PROPERTIES, LLC.<br>    An Oklahoma Limited Liability Company,<br>5. JONATHAN HATLEY<br>    and<br>6. LORA R. NELDON TRUST,<br>             Defendants | Case No.:  18-CV-10-RAW |

## COMPLAINT

1. The Plaintiff, Donna Chunestudey, brings this action against the Defendants for violations of the Fair Housing Act, 42 U.S.C.A. §§ 3601-3619, and the Oklahoma Discrimination in Housing Statute, 25 Okla. Stat. Ann. § 1451, et. seq.

2. The Defendants fail and refuse to grant a reasonable accommodation of Plaintiff's disabilities. As a result, the Plaintiff suffers economic damage and emotional distress.

3. The Defendants have retaliated against the Plaintiff because she exercised rights protected under fair housing laws.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the Plaintiff's claims brought under the Fair Housing Act pursuant to 28 U.S.C. §§ 1331, 1343, and jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over the Defendants because the Defendants conduct business in the Eastern District of Oklahoma, in Cherokee County, are registered entities in the State of Oklahoma, and/or reside in the Eastern District of Oklahoma, and the Plaintiff's claims for relief arise from the Defendants' conduct that occurred in the Eastern District of Oklahoma, Cherokee County.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) because all or a substantial part of the acts and omissions of the Defendants giving rise to this action occurred in the Eastern District of Oklahoma.

## PARTIES

7. Donna Chunestudey is a 64-year-old renter/tenant in the Twin Oaks Apartments located in Cherokee County, Tahlequah, Oklahoma. She has multiple visibly severe physical disabilities and mental disabilities. Ms. Chunestudey relies upon the use of a wheelchair due to a crippling rheumatoid arthritic condition and other muscular, neurological, and skeletal impairments. She also has a severe spinal

deformity that causes her to have a visible hump in her back. Ms. Chunestudey requires assistance from an in-home caregiver. She also requires the use of an assistance animal, Brat, a small dog, for her physical, mental, and emotional support.

8. Twin Oaks Apartments is an 89-unit housing complex located at 1300 North Jones Street, Tahlequah, Oklahoma, in Cherokee County in the Eastern District of Oklahoma. It is not tribal property.

9. Danny L. Neldon is the Trustee of the Danny L. Neldon Revocable Trust. The Danny L. Neldon Revocable held a ½ ownership interest in the Twin Oaks Apartments and was a record owner of the Apartments at the time that Ms. Chunestudey became a tenant of Twin Oaks Apartments until January 4, 2018. He is being sued in his individual capacity and as Trustee of the Danny L. Neldon Revocable Trust.

10. Lora R. Neldon is the Trustee of the Lora R. Neldon Trust. The Lora R. Neldon Trust held a ½ ownership interest in the Twin Oaks Apartments and was a record owner of Twin Oaks Apartments until January 4, 2018. She is being sued in her capacity as Trustee of the Lora R. Neldon Trust.

11. Hatley Properties, LLC., is an Oklahoma Limited Liability Company. The registered agent for Hatley Properties, LLC., is Jonathan Hatley, and the address for service of process is 102 West Clay Road, Tahlequah, Oklahoma, in Cherokee County, in the Eastern District of Oklahoma – according the website for the

Oklahoma Secretary of State. Hatley Properties, LLC became the record owner of Twin Oaks Apartments, in Tahlequah, Oklahoma on January 4, 2018.

12. Jonathan Hatley is the registered agent of Hatley Properties, LLC. He engages in business in Tahlequah, Oklahoma. He is being sued in his individual capacity and as an agent of Hatley Properties, LLC.

## FACTUAL BACKGROUND

12. Donna Chunestudey moved to Twin Oaks Apartments in or around August 2016.

13. Ms. Chunestudey receives a low-income rental assistance subsidy from the Cherokee Nation to assist her with rental payments. She pays the balance of her rent – and is a renter of Twin Oaks Apartments.

14. As a condition of receiving rental assistance, the tenant must agree to enter into an annual lease with the landlord.

15. At the time that Ms. Chunestudey moved onto the property, she suffered from numerous visible physical impairments which required her to use a wheelchair for mobility. Ms. Chunestudey also has severely deformed digits on her hands due to crippling rheumatoid arthritis. She also suffers from neurological, skeletal, and mental impairments

16. Ms. Chunestudey relies upon the use of an assistance animal (Brat, a miniature Schnauzer, Maltese mixed dog) to ameliorate the effects of the arthritis and her mental impairments.

17. Twin Oaks has Pet Deposit and Pet Rent policies that require tenants to pay a pet deposit and pet fee for dogs totaling $300, and an additional $15 per month for pet rent for dogs. This policy was in place when Ms. Chunestudey moved onto the premises.

18. Ms. Chunestudey informed Twin Oaks Apartment's staff that Brat was an assistance animal at the time that she moved into her unit. She requested, as a reasonable accommodation, to be excepted from the Twin Oaks Apartment's pet deposit and pet rent policies since Brat is an assistance animal.

19. The staff at Twin Oaks Apartments informed Ms. Chunestudey that she would need to have her dog registered as a service animal or assistance animal to be exempted from the policies.

20. There is no service animal or assistance animal registry, and fair housing laws do not require the registration of service animals or assistance animals.

21. Ms. Chunestudey timely provided verification from her doctor of her disability-related need – although her physical disabilities are apparent.

22. The Defendants continued charging Ms. Chunestudey the monthly pet rent and refused to return the pet deposit and pet rents to her.

23. In October 2017, Ms. Chunestudey retained counsel, who submitted a second request to the Defendants for Ms. Chunestudey to be excepted from the pet rent policy, and to have her pet deposit and all pet rent that she paid returned to her.

24. Ms. Chunestudey's counsel included with the second reasonable accommodation request a copy of **24 C.F.R. § 100.204** – the United States Department of Housing and Urban Development's Reasonable Accommodation regulation.

25. On October 20, 2017, in response to the second request for the reasonable accommodation, Defendant Danny Neldon offered Ms. Chunestudey to live the entire month of November 2017 without paying rent on the condition that she vacate at the end of November 2017.

26. On October 31, 2017, counsel for Ms. Chunestudey informed Defendant Danny Neldon that the October 20, 2017 response amounted to a denial of Ms. Chunestudey's requested accommodation.

27. After the October 31, 2017 communication from Ms. Chunestudey's counsel, Defendant Danny Neldon began engaging in a course of harassing conduct towards Ms. Chunestudey including, but not limited to, yelling at her caregiver, following her guests through the parking lot, and threatening to terminate her housing if her dog barked.

28. The harassment from Defendant Danny Neldon caused Ms. Chunestudey great physical and emotional distress, humiliation, and embarrassment.

29. Ms. Chunestudey did not vacate her unit on November 30, 2017.

30. By letter dated December 1, 2017, Defendant Danny Neldon informed Ms. Chunestudey that Twin Oaks Apartments decided not to renew her rental contract. The notice gave her thirty days to remove herself, her dog, and all of her personal items from the property.

31. In December 2017, Ms. Chunestudey was hospitalized due to disability-related complications.

32. Ms. Chunestudey did not vacate her unit on December 31, 2017.

33. On January 2, 2018, Defendant Danny Neldon knocked on Ms. Chunestudey's door, demanding to know why she had not moved out yet. Ms. Chunestudey directed Defendant Danny Neldon to talk with her lawyer. In response, Defendant Danny Neldon told her that he was going to file an eviction action.

34. On January 2, 2018, Defendant Jonathan Hatley filed a forcible entry and detainer action in the District Court of Cherokee County, Case Number SC-18-1. That matter is set for hearing on January 10, 2018 at 9:00 A.M.

35. On January 4, 2018, the Court Clerk for Cherokee County filed a Warranty Deed conveying the Twin Oaks Apartments to Hatley Properties LLC from the Defendants Neldon as Trustees for their respective Trusts.

36. The Defendants served Ms. Chunestudey with notice of the Forcible Entry and Detainer action on January 5, 2018. The serving of the notice caused Ms. Chunestudey great physical and emotional distress.

## INJURY TO THE PLAINTIFF

35. As a result of the Defendants' actions as described above, the Plaintiff suffered and continues to suffer irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and deprivation of her rights to equal housing opportunities regardless of her handicapped status.

36. By engaging in the unlawful conduct described above, the Defendants acted intentionally and maliciously with callous and reckless disregard of the federally protected rights of the Plaintiff.

## COUNT I

*Violation of 42 U.S.C.A. § 3604 (f) (3) (B): Refusal to Make a Reasonable Accommodation*

37. The Plaintiff repeats her assertions of facts contained in paragraphs 1 through 36 above as if fully set forth herein.

38. Ms. Chunestudey is a person with visibly severe physical and mental impairments that substantially impair her ability to engage in one or more major life functions – including walking and caring for herself.

39. Ms. Chunestudey, personally and through counsel, made a request for a reasonable accommodation to be excepted from Twin Oaks Apartments' Pet

8

Deposit and Pet Rent Policies – specifically requesting to be excused from the requirement to pay the pet deposit and to be excused from the requirement to pay the pet rent because her animal is an assistance animal and not a pet.

40. The requested accommodation was reasonable and was necessary to afford Ms. Chunestudey an equal opportunity to use and to enjoy the dwelling.

41. The Defendants denied the request, refused to return the deposit and rent, and continued to charge Ms. Chunestudey pet rent on a monthly basis.

42. The Defendants did not engage Ms. Chunestudey in the interactive process nor did the Defendants offer Ms. Chunestudey a reasonable alternative – other than to just leave.

43. The requested accommodation would not have imposed an undue financial or administrative burden on the Defendants and did not require a fundamental alteration in the nature of its programs or services provided by the Defendants.

44. The Defendants, individually, and/or through the actions of their agents, have violated **42 U.S.C.A. § 3604 (f) (3) (B)** by refusing to grant Ms. Chunestudey's reasonable accommodation request.

## COUNT 2

### *Violation of 42 U.S.C.A. § 3617: Unlawful Interference, coercion, intimidation*

45. The Plaintiff repeats her assertions in paragraphs 1 through 44 above as if fully set forth herein.

46. Ms. Chunestudey, a person with physical and mental handicaps, made a request for a reasonable accommodation, personally and through counsel, to the Defendants to be excepted from the Pet Deposit and Pet Rent Policies of the Defendants.

47. The right for a renter to make a reasonable accommodation for the benefit of the renter is a right that is protected under the **Fair Housing Act**, **42 U.S.C.A. § 3604 (f) (3) (B)** (or **Section 804** of the **Fair Housing Act**).

48. The Defendants' conduct of harassing, coercing, intimidating, and threatening Ms. Chunestudey, her caregiver, and her guests, as well as refusing to extend her tenancy and ultimately filing an action to oust her from housing occurred in direct response to her request for a reasonable accommodation and her retention of counsel to assist her with enforcing that right.

49. The Defendants' conduct constitutes unlawful interference, intimidation, coercion, harassment, and threats made to a Ms. Chunestudey because Ms. Chunestudey exercised a right that is granted under **Section 804** of the Fair Housing Act.

50. The Defendants' conduct, as asserted violates **42 U.S.C.A. § 3617.**

## COUNT 3

*Violation of the 42 U.S.C.A. § 3604 (c): Discriminatory Notices and Statements*

51. The Plaintiff repeats all previous assertions as raised in paragraphs 1 through 50 as if set fully set forth herein.

52. Ms. Chunestudey is a renter of a unit from Twin Oaks Apartments.

53. Upon move in, Ms. Chunestudey notified the Defendants that her dog, Brat, was an assistance animal.

54. By letter dated October 16, 2017, Ms. Chunestudey's counsel notified the Defendants that Brat was an assistance animal.

55. Between August 2016 and October 2017, Ms. Chunestudey submitted at least two requests for reasonable accommodations to the Defendants concerning Brat and being excepted from the Pet Deposit and Pet Rent policies.

56. The Defendants denied Ms. Chunestudey's reasonable accommodation requests.

57. Between November 1, 2017 and December 1, 2017, Defendant Danny L. Neldon made numerous verbal statements in which he threatened to make housing unavailable to Ms. Chunestudey because of Brat.

58. By letter dated December 1, 2017, Defendants Neldon, by written notice, demanded that Ms. Chunestudey remove herself **and her dog** from the premises by December 31, 2017.

59. The Defendants Neldons' verbal and written statements were perceived by Ms. Chunestudey as statements that indicated an intention to discriminate against her on the basis of handicap because of her reliance upon an assistance animal.

60. The Defendants Neldon's verbal and written statements are violations of **42 U.S.C.A. § 3604 (c)**.

## COUNT 4

*Violation of 42 U.S.C.A. § 3604 (f) (1): Otherwise making housing unavailable to a renter on the basis of handicap*

61. The Plaintiff repeats and herein incorporates all previous assertions contained in paragraphs 1 through 60 as if fully set forth herein.

62. Ms. Chunestudey is a renter of Twin Oaks Apartments.

63. Ms. Chunestudey is a person with visible severe physical handicaps and mental handicaps.

64. The Defendants knew of Ms. Chunestudey's status as a handicapped person.

65. Because of her handicap, Ms. Chunestudey made lawful and reasonable requests to the Defendants to accommodate her handicap-related needs.

66. The Defendants refused to grant Ms. Chunestudey's reasonable accommodation requests, refused to extend her tenancy, and filed an action to oust her from possession of the leased premises because of her handicapped status.

67. The Defendants' conduct constitutes actions that otherwise make housing unavailable to a person on the basis of a handicap, and violates **42 U.S.C.A. § 3604 (f) (1)**.

## COUNT 5

*Violations of the Oklahoma Discrimination in Housing Act, 25 Okla. Stat. Ann. §§ 1452 (A) (1), (3), (16) (b), and 1601 (1).*

68. The Plaintiff reasserts all previous assertions set forth above in paragraphs 1 through 67 as if set out fully herein.

69. Ms. Chunestudey is a resident of the State of Oklahoma.

70. The Defendants all reside in and conduct business in the State of Oklahoma.

71. All of the Defendants' conduct complained of herein occurred in the State of Oklahoma.

72. The Defendants' conduct that violates **42 U.S.C.A. § 3604 (f) (3) (B)**, as asserted above, also constitutes a violation of the Oklahoma Discrimination in Housing Act, **25 Okla. Stat. Ann. § 1452 (A) (16) (b)**, pursuant to which, it is unlawful housing discrimination to refuse "to make reasonable accommodations in

rules, policies, practices, or services, when the accommodations may be necessary to afford the person [an] equal opportunity to use and enjoy a dwelling."

73. The Defendants' conduct that violates **42 U.S.C.A. § 3604 (c)**, as asserted above, also constitutes a violation of the Oklahoma Discrimination in Housing Act, **25 Okla. Stat. Ann. § 1452 (A) (3)**, under which it is an unlawful discriminatory housing practice "To make, print, publish, or cause to be made, printed, or published any notice or statement […], with respect to the sale or rental of housing that indicates […] discrimination, or intention to discriminat[e] because of disability."

74. The Defendants' conduct that violates **42 U.S.C.A. § 3604 (f) (1)**, as asserted above, also constitutes a violation of the Oklahoma Discrimination in Housing Act, **25 Oklahoma Stat. Ann, § 1452 (A) (1)**, under which it an unlawful housing discriminatory practice "To otherwise make housing unavailable or to deny housing because of a person's disability."

75. The Defendants' conduct that violates **42 U.S.C.A. § 3617**, as asserted above, also constitutes a violation of the Oklahoma Discrimination in Housing Act, **25 Okla. Stat. Ann. § 1601 (1)**, under which, it is a discriminatory practice for "a person or two or more persons, to retaliate or discriminate against a person because he has opposed a discriminatory practice" under the Oklahoma Discrimination in Housing Act.

76. The Defendants' conduct violates **25 Okla. Stat. Ann. §§ 1452 (A) (1), (3), (16) (b), and 1601 (1)** as set out above.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays:

A. That the Court declare the actions of the Defendants complained of herein to be in violation of the Fair Housing Act of 1968, as amended, **42 U.S.C.A. § 3601, et seq.,** and the Oklahoma Discrimination in Housing Act, **25 Okla. Stat. Ann. §1451, et seq.**

B. That the Defendants be ordered to take appropriate affirmative actions to ensure that the activities complained of are not engaged in again by them or any of their agents;

C. That the Defendants, their agents, employees, and successors be permanently enjoined from discriminating on the basis of handicapped status against any person in violation of the Fair Housing Act of 1968, as amended, and the Oklahoma Housing in Discrimination Act;

D. That appropriate compensatory and punitive damages be awarded to the Plaintiff and against the Defendants;

E. That the Plaintiff be awarded her costs and reasonable attorneys' fees in this action; and

  F. That the Plaintiff be awarded such other and further relief that the Court deems just and proper.

## JURY DEMANDED

Trial by Jury is demanded on all issues.

Dated: <u>January 9, 2018</u>

    Respectfully submitted,

    *Attorney for the Plaintiff,*
    *Ms. Donna Chunestudey*

    s/ Teressa L. Webster_____
    Teressa L. Webster OBA #30767
    LEGAL AID SERVICES OF OKLAHOMA, INC.
    624 West Broadway
    Muskogee, Oklahoma 74401
    Telephone: (918) 683-5681
    Facsimile: (918) 683-5690
    Email:  Teressa.Webster@laok.org